Matter of Fier (2024 NY Slip Op 03689)

Matter of Fier

2024 NY Slip Op 03689

Decided on July 3, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
BARRY E. WARHIT, JJ.

2024-00021

[*1]In the Matter of Daniel Fier, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Daniel Fier, respondent. (Attorney Registration No. 5208293)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 15, 2014.

Courtny Osterling, Acting Chief Counsel, Brooklyn, NY (Lisa M. McCabe of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On February 1, 2024, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent, by means of substituted service, as authorized by the Presiding Justice pursuant to Judiciary Law § 90(6), with a notice of petition dated December 29, 2023, and a verified petition dated December 21, 2023, and duly filed those papers with this Court together with an affidavit of service.
The petition contains five charges of professional misconduct, alleging that the respondent misappropriated client funds entrusted to him as a fiduciary, incident to his practice of law, in two real estate matters; engaged in conduct prejudicial to the administration of justice in that he failed to satisfy a $103,475.31 judgment against him; neglected a legal matter entrusted to him; and failed to cooperate with the Grievance Committee's investigation of complaints of professional misconduct against him (two counts), in violation of rules 1.3(b), 1.15(a), and 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to file his answer to the petition, together with proof of service of the answer upon the Grievance Committee, within 20 days after service of the petition upon him. To date, the respondent has neither served nor filed an answer to the petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were duly served upon the respondent on February 23, 2024, he has neither opposed that motion nor interposed any response thereto.
By separate motion, the Grievance Committee moves, inter alia, to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(1), (3), and (5) upon a finding that he is guilty of professional misconduct immediately threatening the public interest. To date, the respondent has neither opposed that motion nor interposed any response [*2]thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the petition dated December 21, 2023, are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The Grievance Committee's separate motion, inter alia, to immediately suspend the respondent from the practice of law is denied as academic.
LASALLE, P.J., DILLON, DUFFY, BARROS and WARHIT, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to deem the charges in the petition dated December 21, 2023, established is granted, and the Grievance Committee's separate motion, inter alia, to immediately suspend the respondent, Daniel Fier, from the practice of law is denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Daniel Fier, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Daniel Fier, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Daniel Fier, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Daniel Fier, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court